**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**
**MDD_SAGchambers@mdd.uscourts.gov**

July 30, 2025

LETTER TO ALL COUNSEL OF RECORD

Re: Jerome G. v. Frank Bisignano, Commissioner, Social Security Administration[1]
Civil No. SAG-24-3556

Dear Plaintiff and Counsel:

On December 9, 2024, Plaintiff Jerome G. ("Plaintiff"), proceeding *pro se*, filed his Complaint against the Social Security Administration ("SSA" or "Commissioner" or "Defendant"). ECF No. 1. On February 10, 2025, the Commissioner moved to dismiss Plaintiff's complaint for failure to exhaust administrative remedies, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. ECF No. 10. Plaintiff filed several documents in response. I have considered the parties' filings (ECF Nos. 1, 7, 10, 14, 16, 17, 20, 22, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Commissioner's motion is GRANTED.

A federal court "may not proceed at all in a case unless it has jurisdiction[,]" *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001), and has a special obligation "to consider *sua sponte* [its] jurisdiction to entertain a case where, as here, [it] believe[s] that jurisdiction may be lacking[,]" *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (internal quotation marks omitted); *see MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (stating that courts have a continuing obligation to examine the basis for jurisdiction and may *sua sponte* raise this at any time). "If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. Rule Civ. P. 12(h)(3). Accordingly, I may consider, on my own and independent of the parties' positions, whether the Court has power to hear this case.

Here, Defendant moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to exhaust administrative remedies. However, the SSA's core argument questions whether the Court has subject matter jurisdiction to entertain Plaintiff's claims. *See* ECF Nos. 10, 16. The SSA moves for dismissal because Plaintiff has not received a final decision by the Commissioner, as required by law to obtain judicial review under 42 U.S.C. § 405(g). ECF No. 10-1, at 3-6; ECF No. 16, at 1. In considering Defendant's Motion, I have considered the

[1] Plaintiff filed this case against the Social Security Administration on December 9, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

declaration of Ari Levin, the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, ECF No. 10-3 ("Levin Decl."), which the Commissioner filed along with supporting documentation. I have also considered the supporting documentation that Plaintiff included in his filings. ECF Nos. 14, 17, 20, 22, 24.

Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[2] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's motion to dismiss, or alternatively for summary judgment, ECF No. 10, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 12. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Janice D. v. Kijakazi*, No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Plaintiff responded after the Rule 12/56 notice was mailed. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion and the information in the Rule 12/56 notice, that the Commissioner's motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in his claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence

---

[2] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462 (4th Cir. 2012).

of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation[] or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

The Court finds that Plaintiff has not received a final decision of the Commissioner, and therefore, failed to exhaust his administrative remedies as required to obtain judicial review under 42 U.S.C. § 405(g). "The only avenue for judicial review" of a denial of Social Security benefits "is 42 U.S.C. § 405(g)." *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). In the Social Security context, Congress has explicitly stated that general federal question jurisdiction statute, 28 U.S.C. § 1331, does not establish subject matter jurisdiction for an action challenging a decision of the Commissioner of Social Security, 42 U.S.C. § 405(h), and instead has allowed such jurisdiction only after the Commissioner has rendered a final decision on a disability entitlement determination:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .

42 U.S.C. § 405(g). Thus, plaintiffs must exhaust all administrative remedies before bringing a claim in federal court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (stating that a final decision is "central to the requisite grant of subject-matter jurisdiction"); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (holding that § 405(g) is the only avenue for judicial review and that exhaustion of remedies is a prerequisite to jurisdiction); *Hopewell Nursing Home, Inc. v. Heckler*, 784 F.2d 554, 557 (4th Cir. 1986) ("Plaintiffs must seek all possible administrative appeals provided by Congress.").

A final decision by the Commissioner is reached after a four-step administrative review process established by the SSA. 20 C.F.R. § 404.900(a)(5) (2015) (Title II); 20 C.F.R. § 416.1400(a)(5) (Title XVI). The process is as follows: (1) an initial determination is made about the claimant's entitlement to benefits, (2) if the claimant is dissatisfied, the claimant may pursue reconsideration, (3) a hearing before an ALJ to review the decision, and (4) the claimant may request a review before the Appeals Council. 20 C.F.R §§ 404.900(a)(1)-(4) (Title II); 416.1400(a)(1)-(4) (Title XVI). "Once the claimant has exhausted these administrative remedies, he may seek review in federal district court." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *see also Weinberger*, 422 U.S. at 763-64 (noting that a final decision is a requirement for judicial review). A claimant appealing must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c).

The Court is mindful of the well-established maxim that *pro se* pleadings are "liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Conway v. Kijakazi*, No. JRR-21-0502, 2023 WL 5153641, at *4 (D. Md. Aug. 10, 2023) (citation

omitted); *Erickson v. Paradus*, 551 U.S. 89, 94 (2007). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available." *Gray v. Wash. Metro. Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citation omitted). However, "the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court." *Miller v. Jack*, No. 06-0064, 2007 WL 2050409, at *3 (N.D.W. Va. July 12, 2007) (citation omitted).

Here, Plaintiff asserts various claims against the SSA related to the SSA's cessation of his Supplemental Security Income ("SSI") benefits, arguing that he never received the hearing notice and that the SSA paid him $14,189.63 in back payments after the Appeals Council found good cause for his non-appearance at the hearing.[3] ECF Nos. 14, 17, 20, 22, 24; *see* ECF Nos. 1, 7. The Court summarizes the relevant facts below, as attested to in Ari Levin's declaration which the Commissioner included as part of the SSA's filings. *See* Levin Decl., ECF No. 10-3.

Plaintiff filed a Title XVI application for SSI benefits on October 22, 2013. Levin Decl. ¶ 3(a). On April 3, 2014, the SSA informed Plaintiff that he was entitled to SSI payments beginning October 22, 2013. *Id.* On May 5, 2017, the SSA informed Plaintiff that he was no longer disabled as of April 2017. *Id.* ¶ 3(b); *see* ECF No. 10-3, at 5-8. After Plaintiff requested reconsideration of the cessation, the SSA informed Plaintiff on October 24, 2019, that it was upholding the cessation of his benefits as of April 14, 2017. Levin Decl. ¶ 3(c); *see* ECF No. 10-3, at 9-11. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was scheduled for June 5, 2023. Levin Decl. ¶ 3(d); *see* ECF No. 10-3, at 12-24. The ALJ dismissed the request for hearing on July 21, 2023, after Plaintiff failed to appear at the scheduled hearing. Levin Decl. ¶ 3(d); *see* ECF No. 10-3, at 25-29. Following Plaintiff's submission for a request for review alleging good cause for his non-appearance at the scheduled hearing, the Appeals Council remanded the case to an ALJ on June 26, 2024. Levin Decl. ¶ 3(e); *see* ECF No. 10-3, at 30-37. The SSA noted that "[s]ince the June 26, 2024 Appeals Council remand order, it does not appear that there have been any other determinations, Administrative Law Judge decisions, or dismissals issued." Levin Decl. ¶ 3(f). On December 9, 2024, Plaintiff filed a Complaint in this Court. *Id.* ¶ 3(g); *see* ECF No. 1.

Considering the foregoing, on the evidence before the Court, Plaintiff has not exhausted his administrative remedies and therefore, the Court lacks subject matter jurisdiction under 42 U.S.C. § 405(g). The record reflects that the Appeals Council remanded the case to an ALJ on June 26, 2024, noting that the ALJ "will give the claimant another opportunity for a hearing." Levin Decl. ¶ 3(e); *see* ECF No. 10-3, at 30-33. The SSA confirmed that "[s]ince the June 26, 2024 Appeals Council remand order, it does not appear that there have been any other determinations, Administrative Law Judge decisions, or dismissals issued." Levin Decl. ¶ 3(f). Therefore, Plaintiff has not completed the review process and has not received a final decision of the Commissioner. Absent a "final decision" by the SSA, the Court has no jurisdiction over Plaintiff's claims. 42

[3] To the extent that Plaintiff requests copies of judicial notices from June to July 2025, *see* ECF Nos. 22, 24, the Court notes that there were no judicial notices filed on the docket in this case during these months.

U.S.C. § 405(g), (h). *See Robert J. v. Comm'r, Soc. Sec. Admin.*, No. 19-2593-RDB, 2020 WL 1325093, at *2-3 (D. Md. Mar. 20, 2020), *report and recommendation adopted sub nom. Johnson v. Comm'r, Soc. Sec. Admin.*, No. RDB-19-2593, 2020 WL 13605447 (D. Md. Apr. 27, 2020) (finding that the Court lacked jurisdiction over plaintiff's various claims against the SSA because there was no "final decision" by the SSA).

The Commissioner argues, alternatively, that the District Court for the District of Maryland is not the proper venue for Plaintiff's claims.[4] *See* ECF No. 10-1, at 6-7. I agree. Venue properly lies in the district where the plaintiff resides. *See* 42 U.S.C. § 405(g) (stating that an individual challenging a "final decision of the Commissioner of Social Security made after a hearing to which he was a party" may bring a civil action "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business"). For purposes of determining venue, "[i]t is immaterial that the principal place of business for the Social Security Administration is Maryland." *Davis v. Astrue*, No. SAG-11-3478, 2013 WL 66502, at *2 (D. Md. Jan. 3, 2013).

Plaintiff is a resident of California. *See* ECF No. 1, at 45 (listing Ontario, CA address); ECF No. 7, at 37 (listing Carlsbad, CA address); ECF No. 14 (listing Orange, CA address); ECF No. 17 (same); ECF No. 22 (listing Murrieta, CA address); ECF No. 20 (listing Banning, CA address); ECF No. 24 (same); ECF No. 10-3, at 30 (SSA correspondence addressed to Plaintiff in Carlsbad, CA). There is no allegation or evidence that he is a Maryland resident. Therefore, if the federal courts had jurisdiction over his claims, this case nonetheless could not proceed in Maryland. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). As such, even if Plaintiff received a final decision of the Commissioner, the District Court for the District of Maryland is not the proper venue for Plaintiff's claims.

Summary judgment is therefore appropriate against Plaintiff for his failure to exhaust administrative remedies. For the reasons set forth herein, the Commissioner's motion to dismiss, ECF No. 10, is treated as a motion for summary judgment and GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

[4] The Commissioner requests that, if this Court does not grant Defendant's Motion to Dismiss, or grant summary judgment in favor of Defendant, this action be transferred to the United States District Court for the District of California, the district of Plaintiff's residence as required by 42 U.S.C. § 405(g). *See* ECF No. 10-1, at 6-7.

Jerome G. v. Bisignano
Civil No. SAG-24-3556
July 30, 2025
Page 6

                              Stephanie A. Gallagher
                              United States District Judge